BENJAMIN STRIPLING *et al.* plaintiffs in error, *vs.* D. M. STRIPLING *et al.* defendants in error.

When a suit was brought against the administrator of A, charging that A, during his lifetime, had, as administrator of complainants' father, bought the lands of the estate at his own sale at less than their value; that the lands had since A's death been distributed to his heirs, and were now in the hands of B and C, as purchasers from said heirs with notice. The bill prayed that the deeds be canceled, and the lands be delivered up; or, if this could not be done, that the administrator of A

account for their true value, as well as account generally to complainants for the devastation of his intestate as administrator of complainants' father. On the trial the defendant offered to prove that the land brought its true value, and that the sale was fair, and this evidence the Court refused to permit:

*Held,* That, as one object of the bill was to recover the true value of the land, this was proper evidence, and that as the jury had by their verdict, failed to cancel the deeds and return the land, but found a money verdict, a new trial ought to be granted for this error of the Court.

Administrator's sale.    Evidence.    Before Judge COLE. Houston Superior Court.    May Term, 1872.

D. M. Stripling, F. M. Stripling, Mary J. Shepard, formerly Mary J. Stripling, and William Stripling, Julia Stripling and John M. Stripling, minors, who sue by their next friend, H. T. Ball, all children of Moses Stripling, deceased, filed their bill against Benjamin Stripling, administrator of Thomas Stripling, deceased, Robert Stripling, Sarah A. E. Gray, formerly Sarah A. E. Sandefer, Daniel F. Gunn and Wiley Leverett, making the following case:

In the year 1862 or 1863, Moses Stripling died intestate, leaving a large amount of personal property and three hundred and ninety acres of land, situate in the county of Houston, and a lot of wild land, in the county of Dooly, the number of which is not now remembered. Letters of administration were issued to Thomas Stripling, who took possession of the entire estate. Said administrator, taking advantage of the absence of complainants, D. M. and F. M. Stripling, in the army, of the ignorance of their mother, who was unable to read or write, and of the minority and want of experience of the remaining complainants, did, to the great injury of the estate of the intestate, and for the purpose of accomplishing his own fraudulent ends, transfer all of the personalty to his own residence, and there sold the same. In furtherance of the same fraudulent purposes, said administrator, by virtue of an order of the Court of Ordinary of Houston county, obtained upon false and fraudulent representations, did sell the said three hundred and ninety acres of land, saving and except the dower

therein. This sale was not made for the purposes of distribution, but in order to afford the said administrator an opportunity of purchasing the same.

On the first Tuesday in December, 1863, said land was exposed to sale and bid off by James M. Davis at about $28 00 per acre, for the said administrator, who accordingly made a deed to the purchaser in his representative capacity, and said purchaser subsequently, on the same day, conveyed said property to him. The notes and accounts were more than sufficient to pay all the debts outstanding against the estate. Soon after said sale, and before said Thomas Stripling had fully administered said estate, he died, and Benjamin Stripling was appointed his administrator, and with a full knowledge of all the aforesaid facts, took possession of all the unadministered property of the estate of Moses Stripling, and also of said land. In the settlement of the estate of said Thomas, one hundred and fifty acres of said land was set apart to Robert Stripling, and the remainder to Sarah A. E. Sandefer, now Sarah A. E. Gray, children and heirs-at-law of said Thomas. Robert Stripling sold his share to Wiley Leverett, who is now in possession thereof. Mrs. Gray, or her husband, sold her share to Daniel F. Gunn. Both purchasers bought with full notice of the facts aforesaid. The land is of the value of $5,000 00, and of the yearly value of $500 00 for rent. Robert Stripling and Sarah A. E. Gray are insolvent.

Prayer, that Benjamin Stripling be required to account for all there may be due by the estate of Thomas Stripling to that of Moses Stripling. That the deed from Thomas Stripling, administrator, to James M. Davis, conveying said three hundred and ninety acres of land, and all subsequent deeds to the same, be canceled, and said land be restored to complainants. That a full account of the yearly value be taken, and that the persons receiving the same be required to pay the amount over to complainants.

The answers of the defendants are unnecessary to an understanding of the decision of the Court.

James M. Davis was introduced as a witness for complain-

ants, and sustained, substantially, the allegations of the bill. Upon cross-examination, defendant's counsel proposed to ask the witness the following questions: If the sale of the said land was not fair? If it sold for its full value? If it was not the purpose and object of Thomas Stripling to make it sell for its full value? Upon objection made, the Court excluded said questions and the answers thereto, and defendants excepted.

The jury returned a verdict for the complainants "for $1,400 00, with interest from December 1st, 1863, which sum is to be recovered from the estate of Thomas Stripling, deceased."

The defendants assign the aforesaid exclusion of testimony as error.

WARREN & GRICE, for plaintiffs in error.

DUNCAN & MILLER; B. M. DAVIS, for defendants.

McCAY, Judge.

We are not fully satisfied as to what the jury meant by this verdict. Even assuming that the answer in response to the complainant's interrogatories is to be taken as a plea of *plene administravit*, it can hardly be supposed that, under the proof, the jury *intended* either to find against that plea or to find simply *de bonis testatoris*, since either verdict would be contrary to the truth, as it would be based on an admission of assets, which is flatly denied. Nor is the verdict against the *administrator* at all. True, it says the money is to collected out of the *estate* of Thomas Stripling, but that may mean that his heirs ought to pay it; we are inclined to think that is what the jury meant, since, whilst it would be very right for such heirs to pay it, it is not right if the administrator has paid out the whole estate without notice of this claim, that he should be personally responsible. But we think there ought to be a new trial, because the Judge erred in ruling out the evidence as to the value of the land at the time of the sale. This bill has two aspects, one to follow the land, the other to charge the original administrator with its value, in case it has

passed out of the complainants' reach. So far as the claim to have the land back is concerned, its value then has no relevancy, since the administrator had no right to buy, at least the complainants have a right to elect to follow the land whether it brought its value or not. But on the other issue, to-wit: the right to have the true value of the land accounted for, in case it has gone into innocent hands, the evidence as to whether the sale was fair and whether the land sold for what it was then worth, is very material. Indeed, the whole case turns upon it. If the administrator has already accounted for its real value, there is no cause of complaint. The real, true value at the time, is therefore material, and ought not to have been rejected.

We think the rights of all the parties will be better settled upon another trial, and as this evidence ought to have been admitted, we think the verdict ought to be set aside.

Judgment reversed.